Arthur J. GOLDBERG, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

A. L. BELLOTTO, Defendant.

Civ. A. No. 4076.

United States District Court
S. D. Florida,
Tampa Division.

March 26, 1962.

Beverley R. Worrell, U. S. Dept. of Labor, Birmingham, Ala., for plaintiff.

J. Hardin Peterson, Jr., Lakeland, Fla., for defendant.

LIEB, District Judge.

This matter is before the Court on a complaint brought by the Secretary of Labor, United States Department of Labor, seeking to enjoin the defendant from violating the provisions of Sections 15(a) (2), 15(a) (4) and 15(a) (5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C.A. § 201 et seq.).

The parties have agreed and stipulated that the sole issue is a determination by the Court as to whether or not truckers who operate under the provisions of certain lease agreements were, and are, employees of the defendant, as plaintiff contends, or were, and are, independent contractors, as defendant maintains.

On the basis of the evidence adduced, the Court makes the following:

### FINDINGS OF FACT

1. The defendant is and has been engaged in the transportation of live stock and other goods by motor carrier during all times involved in the allegations in the complaint.

2. That the defendant's present operation is based upon contracts or lease agreements whereby the defendant leases tractors from truckmen and furnishes trailers for a joint operation and, in some instances, both tractors and trailers are contracted for by the defendant.

3. These agreements required the truckmen to haul exclusively for the defendant and to furnish their own tractors and, in some instances trailers, and to supply all other labor and equipment necessary to pick up, handle and deliver shipments from point to point designated by the defendant.

4. Generally contracts or bills of lading for shipments of goods were between the defendant and the shipper or the consignee.

5. The arrangements between the defendant and the truckmen provided for the truckmen to receive 70% of the gross revenues derived from the shipment for the use of their tractors and 30% of the gross revenues were paid to the defendant for the use of his trailer and for brokerage in supplying the loads. The amounts payable to the truckmen in-

creased if trailers were supplied by the truckmen rather than the defendant.

6. Under the operating agreement between the truckmen and the defendant the defendant was authorized to deduct the expenses of operation of the truckmen from the amounts becoming due and payable to the truckmen.

7. The truckmen were authorized to, and in some instances did, solicit business for the joint benefit of the defendant and themselves and the decision as to whether particular loads or commodities would be transported was by mutual agreement of the defendant and the truckmen. The contract was terminable at any time by either party under the terms of the contracts or lease agreements.

8. The truckmen hired their own assistants, used their own truck, paid their own expenses, with minor exceptions, and depended upon their own initiative, judgment and energy for a large part of their success.

9. The arrangements between the defendant and the driver-owners leave the driver-owners so much responsibility for investment and management that they must be held to be independent contractors.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of the parties and the subject matter of this cause of action.

2. That the activities of the driver-owners, who are alleged by the plaintiff to be employees, are so similar to the activities of the truckmen and driver-owners, as described in the case of United States v. Silk and Harrison v. Greyvan Lines, Inc., 331 U.S. 704, 67 S.Ct. 1463, 91 L.Ed. 1757, that these are indistinguishable.

3. That the truckmen under lease or contract with the defendant are independent contractors and are not employees as maintained by the plaintiff.

4. That there is no obligation on the defendant to comply with the provisions of Sections 15(a) (2), 15(a) (4) and 15(a) (5) of the Fair Labor Standards Act of 1938, as amended, under the arrangements as described by the testimony of the plaintiff's witnesses.

## ORDER

It is thereupon

Ordered, adjudged and decreed that the relief prayed for in the plaintiff's complaint be and the same is hereby denied and that the plaintiff's complaint be and the same is hereby dismissed for the reasons set forth in the foregoing Findings of Fact and Conclusions of Law and that the costs herein be borne by the plaintiff.